UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STACY FIORE,

Plaintiff,

vs().                                                  Case No.:

NCO FINANCIAL SYSTEMS, INC.,

Defendant.
_____/

## COMPLAINT

1.  Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq. ("FCCPA").

## JURISDICTION

2.  Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA"), and pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq.

3.  This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

1

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff, STACEY FIORE, is a natural person who resides in the City of Fort Lauderdale, County of Broward, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant NCO FINANCIAL SYSTEMS, INC. (hereinafter "Defendant NCO") is a collection agency operating from an address of 507 Prudential Road, Horsham, Pennsylvania 19044, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant ACI regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant ACI regularly collects or attempts to collect debts for other parties.

9. Defendant ACI was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

12. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

## COLLECTION CALLS

13. On or about May 12, 2010, Defendant NCO's collector contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14. During this May 12, 2010 call, Defendant left a voice mail on Plaintiff's answering machine, failed to identify himself as a debt collector.

## OTHER COLLECTION CALLS

15. On or about May 13, 2010, Defendant NCO's collector, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

16. During this May 13, 2010 call, Defendant NCO left another voice mail, this time identifying themselves as a debt collector.

17. On or about May 15, 2010, Defendant NCO's collector, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

18. During this May 15, 2010 call, Defendant NCO left yet another voice mail, this time identifying themselves as a debt collector.

19. On or about May 16, 2010, Defendant NCO's collector, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

20. During this May 16, 2010 call, Defendant NCO left another voice mail, this time identifying themselves as a debt collector.

21. On or about May 20, 2010, Defendant NCO's collector, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

22. During this May 20, 2010 call, Defendant NCO left another voice mail, this time identifying themselves as a debt collector.

23. On or about May 21, 2010, Defendant NCO's collector, contacted Plaintiff **twice** by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

24. During the May 21, 2010 calls, Defendant NCO left two more voice mails, both times identifying himself as a debt collector.

25. On or about May 22, 2010, Defendant NCO, contacted Plaintiff by telephone via a pre-recorded message in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

26. During this May 22, 2010 call, Defendant NCO left another voice mail, this time identifying themselves as a debt collector.

27. On or about May 24, 2010, Defendant NCO, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

28. During this May 24, 2010 call, Defendant NCO left another voice mail, this time identifying themselves as a debt collector.

29. On or about May 25, 2010, Defendant NCO's collector, contacted Plaintiff **twice** by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

30. During the May 25, 2010 calls, Defendant NCO left two more voice mails, both times identifying himself as a debt collector.

31. On or about May 26, 2010, Defendant NCO, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

32. During this May 26, 2010 call, Defendant NCO left another voice mail, this time identifying themselves as a debt collector.

33. On or about May 28, 2010, Defendant NCO, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

34. During this May 28, 2010 call, Defendant NCO left another voice mail, this time identifying themselves as a debt collector.

35. On or about June 2, 2010, Defendant NCO, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

36. During this June 2, 2010 call, Defendant NCO left another voice mail, this time identifying themselves as a debt collector.

37. On or about June 15, 2010, Defendant NCO, contacted Plaintiff by telephone **twice** in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

38. During this June 15, 2010 call, Defendant NCO left two more voice mails, identifying themselves as a debt collector.

39. On or about June 16, 2010, Defendant NCO, contacted Plaintiff by telephone **five times** in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

40. During this June 16, 2010 call, Defendant NCO five more voice mails, identifying themselves as a debt collector.

## SUMMARY

41. All of the above-described collection communications made to Plaintiff by Defendant NCO, and collection employees employed by Defendant NCO, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(1), 1692b(3),1692e, 1692e(10), 1692e(11), and 1692f.

42. During its collection communications, Defendant and these individual debt collectors employed by Defendant NCO repeatedly failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(10), 1692e(11), and 1692f, amongst others.

43. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to these Plaintiff.

44. This series of collection calls by Defendant NCO and its employees pushed Plaintiff to consider bankruptcy as a way out of these calls.

45. Defendant's repeated disclosures of Plaintiff's indebtedness to third parties was an invasion of her privacy and their right to financial privacy.

46. Plaintiff has suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## TRIAL BY JURY

47. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT 1

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to each of these Plaintiff.

50. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount

up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT 2

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

51. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

52. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. § 1692(a) (emphasis added).

53. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. § 6801(a) (emphasis added).

54. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded each Plaintiff's privacy.

8

55. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

56. Defendant disclosed Plaintiff's alleged indebtedness to Victor Lewis, who is Plaintiffs' roommate. Defendant knew or had reason to know that Victor Lewis did not have a legitimate need for the information.

57. Defendant and its agents intentionally and/or negligently caused emotional harm to each of this Plaintiff's by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon each of these Plaintiff's rights to privacy.

58. The Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

59. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

60. As a result of such intrusions and invasions of privacy, each Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT 3

### FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR

61. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. 1692e(11).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

a)   Damages and

b)   Attorneys' fees and costs.

## COUNT 4

### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

62.   Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name, that it is a debt collector, and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C. 1692d(6).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)   Damages and

B)   Attorneys' fees and costs.

## COUNT 5

### TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

63.   Defendant caused Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse or harass in violation of 15 U.S.C. 1692d(5).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)   Damages and

B)   Attorneys' fees and costs.

## COUNT 6

### VIOLATION OF 559.72 (5) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

64.   Defendant disclosed Plaintiff's alleged indebtedness to Victor Lewis, who is Plaintiffs' roommate.  Defendant knew or had reason to know that Victor Lewis did not have a legitimate need for the information.

65.   As a result of the Defendant's improper disclosures to a third party, Plaintiff's reputation has been affected.

WHEREFORE, Plaintiff request that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)   Damages and

B)   Attorneys' fees and costs.

## COUNT 7

### VIOLATION OF SECTION 559.72 (7) OF THE CONSUMER COLLECTION PRACTICES ACT

66.   Defendant communicated with the debtor on such a frequent basis that it could be reasonably expected to harass the debtor.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)   Damages and

B)   Attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated:  June 24, 2010                                Respectfully submitted,


/s Andrew I. Glenn
Andrew I. Glenn
E-mail:  AGlenn@cardandglenn.com
Florida Bar No.:  577261
J. Dennis Card, Jr.
E-mail:DCard@cardandglenn.com
Florida Bar No.  0487473
Card & Glenn, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone:  (954) 921-9994
Facsimile:   (954) 921-9553
Attorneys for Plaintiff